IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Hanah Mukiri**<br><br>*Plaintiff,*<br><br>v.<br><br>**Marylee Cowden Kellogg Holdings, LLC; and Guy C. Kellogg, individually.**<br><br>*Defendants.* | **COMPLAINT** |

Hanah Mukiri ("Plaintiff") files this action against Marylee Cowden Kellogg Holdings, LLC and Guy C. Kellogg ("Defendants") to recover damages for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.   NATURE OF SUIT

1. In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA seeks to achieve these goals by establishing a minimum wage and the prohibition of performing more than forty (40) hours of work in a single workweek without the payment of a premium or "overtime" rate.

2. The FLSA does not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discourages employers form over working and underpaying their employees

1

who work for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

3. Section 207(a) of the FLSA covered employers are required to compensate its non-exempt employees in an amount not less than one-and-a-half times his or her regular rate of pay for each hour worked over forty (40) in each workweek. 29 U.S.C. § 207(a)(1).

4. During her entire employment with Defendants, Plaintiff was non-exempt from overtime and routinely worked in excess of forty (40) hours in a workweek.

5. Defendants did not compensate Plaintiff at one-and-one-half times her regular rate for the hours Plaintiff worked over forty (40) in each workweek. Instead of paying overtime, as required by the FLSA, Defendants paid Plaintiff her regular hourly rate for all hours worked, including all hours Plaintiff worked over forty (40) in each workweek.

6. Plaintiff was not paid overtime at the rate of one-and-one-half her regular rate for any hours worked in excess of forty (40) per workweek.

7. Plaintiff did not perform work or engage in activities that meets the definition of exempt work under the FLSA.

8. Accordingly, Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") to recover all of her unpaid overtime, liquidated damages, attorneys' fees, and costs.

## II.    PARTIES

9. Plaintiff, Hanah Mukiri is an individual and resident of Texas. Plaintiff was employed by Defendants within the three (3) years preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendants as defined by the FLSA. *See*

29 U.S.C. § 207.

10. Defendant, Marylee Cowden Kellogg Holdings, LLC ("Kellogg Holdings") is a limited liability company formed under the laws of Texas with its principal office located at 250 W Nottingham Drive, Suite 425, San Antonio, Texas, 78209-1973. Defendant, Kellogg Holdings can be served with process by serving its registered agent, Luke C. Kellogg, at 4040 Broadway, Suite 602, San Antonio, Texas, 78209.

11. Defendant, Guy C. Kellogg ("Mr. Kellogg") is individually liable as Plaintiff's "employer" as defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant can be served at his residence, 5500 Auburndale Avenue, Dallas, Texas 75205, or wherever he may be found.

12. Defendant, Mr. Kellogg is a member, manager of Kellogg Holdings. Mr. Kellogg is the person who hired and exercised control over Plaintiff throughout her employment. Mr. Kellogg made decisions affecting Plaintiff's employment, including decisions affecting the amount of Plaintiff's compensation, work schedule, hours worked, and job duties. Mr. Kellogg had the power to hire and fire Plaintiff. Mr. Kellogg also supervised and set Plaintiff's wages throughout the duration of Plaintiff's employment.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

14. This Court has personal jurisdiction over Defendants because Defendants reside and are located in Texas, Defendants employed Plaintiff, a Texas resident to work for Defendants

in Texas, and the actions committed by Defendants that give rise to this action occurred in Texas.

15. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 because each Defendant is a resident of the State of Texas. In addition, Defendant Marylee Cowden Kellogg Holdings, LLC resides in the Western District of Texas, San Antonio Division under 28 U.S.C. § 1391(c)(2) because it maintains its principal place of business in this district.

### IV. FLSA COVERAGE

16. At all relevant times, Defendants have been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

18. At all relevant times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce while working for Defendants as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). During her employment with Defendants, Plaintiff handled goods that were passing through or affecting interstate commerce and engaged in activities that affected people and goods that were traveling through interstate commerce.

19. Specifically, Plaintiff was a non-exempt employee who worked for Defendants as a licensed vocational nurse. Further, Plaintiff handled materials and good that were moving in interstate commerce. At the direction of Defendants, Plaintiffs performed job duties such as nursing tasks, including medication administration, and wound care, and communicating with the patient's—Ms. Kellogg's family members and healthcare providers. Plaintiff also ran errands for Defendant using interstate highways, made calls that involved interstate communications, and

other activities that constitute interstate activities.

20. During the relevant period, Defendants willfully violated the FLSA, by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to compensate Plaintiff in accordance with the FLSA overtime provisions cited herein.

## V. FACTUAL ALLEGATION

21. The above and foregoing paragraphs are incorporated herein as if set forth in full.

22. From approximately October 2010 to January 31, 2022, Defendants employed Plaintiff to work as an LVN Nurse. During her employment, Plaintiff provided continuity of care services to a geriatric patient, Ms. Marylee Cowden Kellogg.

23. At all times mentioned, Plaintiff was employed by Defendants. Defendants instructed Plaintiff on her day-to-day activities, told Plaintiff when to work, and directed the details and tasks of Plaintiff's work.

24. Plaintiff performed her day-to-day activities within designed parameters and in accordance with pre-determined plans coordinated by Defendants.

25. Defendants directly hired Plaintiff to work as a LVN nurse. Defendants set Plaintiff's schedule, rate of pay, and job duties.

26. During the three-year period preceding the filing of this lawsuit, Defendants paid Plaintiff an hourly rate in the amount of $27.56 per hour.

27. During her employment, Plaintiff regularly worked more than forty (40) hours in a workweek.

28. Plaintiff regularly worked approximately fifty-four (54) to sixty-two (62) hours

during each workweek of her employment.

29. Plaintiff regularly worked Monday through Thursday each week, from approximately 6:30 p.m. until aproximately 8:00 a.m.

30. During each workweek of her employment, Plaintiff spent more than 20 percent of her time assisting Ms. Kellogg with activities of daily living such as dressing, grooming, feeding, and bathing.

31. Plaintiff provided additional services to Ms. Kellog such as administering medications as directed by Defendants, documenting observations, monitoring vitals, and reporting health obervations to Mr. Kellogg.

32. During her employment, Plaintiff did not reside at Ms. Kellogg's home and Plaintiff did not sleep any nights at Ms. Kellogg's home.

33. Defendants knew that Plaintiff regularly worked more than forty (40) hours per week during the weeks covered by this lawsuit. In fact, Mr. Kellogg regularly and frequently corresponded with Plaintiff to confirm and approve the number of hours Plaintiff worked each week. Plaintiff regularly and frequently reported to Mr. Kellogg that she had worked more than forty (40) hours each workweek of her employment.

34. However, Defendants did not pay Plaintiff one-and-one-half times her regular rate for any hours Plaintiff worked over forty (40) in a single workweek.

35. Instead, Defendants paid Plaintiff the same fixed-rate of pay for all hours worked, including any hours worked over forty (40) in a single workweek, even though Plaintiff was not-exempt from overtime.

36. Defendants employed Plaintiff within the three (3) year period preceding the filing

of this lawsuit and did not pay Plaintiff any additional compensation for hours worked over forty (40) each workweek.

37. Defendants' method of paying Plaintiff was in violation of the FLSA and was willful and not based on good-faith and reasonable belief that its conduct complied with the FLSA, and therefore, an award of liquidated damages is mandatory. *See* 29 U.S.C. § 216(b). Moreover, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

## VI. CAUSE OF ACTION NO. 1:
### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH FLSA

38. The foregoing paragraphs are incorporated herein as if set forth in full.

39. During the relevant time-period, Plaintiff was an employee working for Defendants.

40. During the relevant time-period, Plaintiff was a non-exempt from the FLSA's overtime requirements.

41. The overtime laws under the FLSA require employers, such as Defendants, to pay overtime compensation to all employees, unless they are exempt from the overtime pay requirements under the FLSA.

42. Plaintiff did not qualify as exempt employee under any overtime exemption.

43. Plaintiff was entitled to a premium overtime rate of one-and-one-half times her regular rate for all hours worked over forty (40) hours in a single workweek.

44. Defendants did not pay Plaintiff one-and-one-half times her regular rate for all hours worked over forty (40) hours in a single workweek.

45. Plaintiff was paid the same hourly rate of pay for all hours worked, including any hours worked over forty (40) in a single workweek.

46. Plaintiff regularly worked in excess of forty (40) hours in a single workweek.

47. Defendants violated the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing and failing to pay Plaintiff at a rate of not less than one-and-one-half times her regular rate for every hour worked over forty (40) hours in each workweek.

48. Plaintiff's regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 U.S.C. § 207(e); *See also* 29 C.F.R. 778.208.

49. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked over forty (40) in a single workweek at the required overtime rate are applicable to Defendants or Plaintiff.

## VII. DAMAGES SOUGHT

50. Plaintiff is entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff was not paid at one-and-one-half times her regular rate. The regular rate shall include all remuneration received, including all bonuses. *See* 29 U.S.C. § 207(e).

51. Plaintiff is also entitled to an amount equal of all the unpaid overtime wages found due to Plaintiff as liquidated damages because Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

52. Plaintiff is entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## VIII. PRAYER

For the foregoing reasons, Plaintiff respectfully requests that judgement be entered in her favor, against Defendants, jointly and severally, awarding Plaintiff the following relief:

A. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid wages due to Plaintiff and for liquidated damages equal in amount to the

        unpaid compensation found due to Plaintiff;

B.      For an Order warding Plaintiff an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C.      For an Order awarding Plaintiff all attorneys' fees incurred; and

D.      For an Order granting any such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

By: */s/ Allison H. Luttrell*
     Drew N. Herrmann
     Texas Bar No. 24086523
     *drew@herrmannlaw.com*
     Pamela G. Herrmann
     Texas Bar No. 24104030
     *pamela@herrmannlaw.com*
     Allison H. Luttrell
     Texas Bar No. 24121294
     *allison@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: (817) 479-9229
Fax: (817) 840-5102

ATTORNEYS FOR PLAINTIFF